IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR ERNESTO MELENDEZ, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-17-3463 |
| § | | |
| KIRSTJEN M. NIELSEN, Secretary of § | | |
| Homeland Security, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 10] filed by Defendants Kirstjen M. Nielsen, Secretary of the United States Department of Homeland Security, Lee F. Cissna, Director of the United States Citizenship and Immigration Services ("USCIS"), and Mark Seigl, Houston Field Office Director, USCIS. Defendants argue that the case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[1] Plaintiff Oscar Ernesto Melendez filed an Opposition [Doc. # 11], and Defendants filed a Reply [Doc. # 12]. Having reviewed the record, the applicable statutes, and the governing legal authorities, the Court **grants** the Motion to Dismiss.

---

[1] Defendants moved in the alternative for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Court lacks subject matter jurisdiction, it need not address the Rule 12(b)(6) aspect of Defendants' motion.

I.  **BACKGROUND**

Plaintiff is a citizen of El Salvador. He entered the United States on February 7, 2000, with a B1/B2 nonimmigrant visa. Plaintiff's visa expired on March 6, 2000, after which he remained in the United States without lawful status.

On March 9, 2001, the Attorney General of the United States designated El Salvador under the Temporary Protected Status ("TPS") program. TPS status prevents removal of an alien from the United States during the period of time the alien's home country is designated under the TPS program. *See* 8 U.S.C. § 1254a(a)(1)(A), (b)(1). Upon receiving TPS status, Plaintiff was deemed to be in lawful status. *See* 8 U.S.C. § 1254a(f)(4).

On July 11, 2016, Plaintiff submitted a Form I-485 seeking to adjust his status to lawful permanent resident pursuant to 8 U.S.C. § 1255. On September 26, 2017, Plaintiff's application was denied because he had not maintained continuous lawful status since his entry into the United States.[2] *See* Decision, Exh. to Motion to Dismiss. Under certain conditions, an alien's status may be adjusted by the Attorney General, "in his discretion and under such regulations as he may prescribe," to that of

---

[2]  Plaintiff asserts that the "only basis" for the USCIS Decision was that "the agency did not consider TPS as an admission or inspection" for status adjustment under § 1255(a). *See* Complaint, ¶ 33. The Decision, however, is based on Plaintiff's failure to maintain continuous lawful status since his entry into the United States.

an alien lawfully admitted for permanent residence. *See* 8 U.S.C. § 1255(a). Under regulations governing adjustments to status pursuant to § 1255(a), certain categories of aliens are ineligible for adjustment of status to that of a lawful permanent resident alien. *See* 8 C.F.R. § 245.1. One such category includes, with certain exceptions:

> Any alien who files an application for adjustment of status on or after November 6, 1986, ***who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a lawful status since entry into the United States*** . . ..

8 C.F.R. § 245.1(b)(6) (emphasis added). Plaintiff's entry into the United States in February 2000 was lawful, but his lawful status ended in March 2000 when his visa expired. His status became lawful again in March 2001 when he was granted TPS status.

Although Plaintiff was given notice of his right to file a Form I-290B, Notice of Appeal or Motion, to challenge the denial of his Form I-485 application for adjusted status, Plaintiff failed to do so. As a result, the September 2017 Decision became final after thirty calendar days.

On November 13, 2017, Plaintiff filed this Complaint for Declaratory and Injunctive Relief ("Complaint") [Doc. # 1]. Plaintiff seeks a declaration that the final Decision to deny his Form I-485 application to adjust status pursuant to § 1255(a) was "arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with

law." *See* Complaint, ¶ 1. Plaintiff asks the Court to set aside the Decision and to order Defendants to reopen his Form I-485 application for adjusted status.

Defendants filed their Motion to Dismiss, asserting that the Court lacks subject matter jurisdiction to review the Decision. The Motion to Dismiss has been fully briefed, and it is now ripe for decision.

## II. **RULE 12(b)(1) MOTION TO DISMISS**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahou*, 751 F.3d 303, 307 (5th Cir. 2014).

This Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), . . . no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section . . . 1255 of this title.

8 U.S.C. § 1252(a)(2)(B)(i); *see also Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008). Indeed, the statute makes clear that this Court lacks "jurisdiction over determinations made with respect to an I-485 application for permanent resident status under § 1255." *See id.* (citing *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006)).

Plaintiff argues that the Court has jurisdiction under the Administrative Procedure Act ("APA"), asserting that the APA provides jurisdiction to review agency decisions "for which there is no other adequate remedy." *See* Opposition, pp. 2-3. Initially, the Court notes that the reason there arguably is "no other adequate remedy" is that Plaintiff elected not to pursue his available remedy through a Form I-290B motion to reopen and reconsider the USCIS Decision. Moreover, the clear language of § 1252(a)(2)(B)(i) precludes judicial review "notwithstanding any other provision of law (statutory or nonstatutory)." Additionally, the APA does not provide a basis for federal question jurisdiction where the statute at issue "precludes judicial review." *See* 5 U.S.C. § 701(a); *id.*, § 702 ("Nothing herein . . . affects other limitations on judicial review"); *Webster v. Doe*, 486 U.S. 592, 599 (1988) ("Section 701(a), however, limits application of the entire APA to situations in which judicial review is not precluded by statute"); *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002) ("The APA expresses a broad exception, however, to its general rule: courts may not

review an agency action when the "(1) statutes preclude judicial review"). Section 1252(a)(2)(B)(i) precludes judicial review of decisions made with respect to an I-485 application for permanent resident status under § 1255 and, therefore, the APA does not provide this Court with jurisdiction.

Plaintiff argues also that he is challenging the legal conclusions in the Decision, not any discretionary rulings. Indeed, "constitutional claims or questions of law" related to claims under § 1252(a)(2)(B) are excluded from the category of non-reviewable decisions left to the discretion of the Attorney General. *See* 8 U.S.C. § 1252(a)(2)(D); *Ayanbadejo*, 517 F.3d at 277 n.11. That provision, however, does not provide this Court with jurisdiction. Instead, the issues subject to the § 1252(a)(2)(D) exception must be presented "upon a petition for review filed with an appropriate ***court of appeals*** in accordance with this section." *See* 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Consequently, any jurisdiction to review the USCIS Decision based on "constitutional claims or questions of law" lies with the Court of Appeals and not with the district court.

This Court lacks subject matter jurisdiction over Plaintiff's Complaint seeking review of the USCIS decision denying his I-485 application for permanent resident status under § 1255. As a result, the case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

review an agency action when the "(1) statutes preclude judicial review"). Section 1252(a)(2)(B)(i) precludes judicial review of decisions made with respect to an I-485 application for permanent resident status under § 1255 and, therefore, the APA does not provide this Court with jurisdiction.

Plaintiff argues also that he is challenging the legal conclusions in the Decision, not any discretionary rulings. Indeed, "constitutional claims or questions of law" related to claims under § 1252(a)(2)(B) are excluded from the category of non-reviewable decisions left to the discretion of the Attorney General. *See* 8 U.S.C. § 1252(a)(2)(D); *Ayanbadejo*, 517 F.3d at 277 n.11. That provision, however, does not provide this Court with jurisdiction. Instead, the issues subject to the § 1252(a)(2)(D) exception must be presented "upon a petition for review filed with an appropriate ***court of appeals*** in accordance with this section." *See* 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Consequently, any jurisdiction to review the USCIS Decision based on "constitutional claims or questions of law" lies with the Court of Appeals and not with the district court.

This Court lacks subject matter jurisdiction over Plaintiff's Complaint seeking review of the USCIS decision denying his I-485 application for permanent resident status under § 1255. As a result, the case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III. CONCLUSION AND ORDER

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), and the Fifth Circuit's holding in *Ayanbadejo*, this Court lacks subject matter jurisdiction to review the denial of Plaintiff's Form I-485 application seeking to adjust his immigration status to lawful permanent resident. As a result, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 10] is **GRANTED** and this case is **DISMISSED** for lack of subject matter jurisdiction. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **9th** day of **May, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE